**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CLEMENTE HERNANDEZ,[1] | ) | CASE NO.: 5:07CV399 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| MICHELE EBERLIN, Warden, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Respondent. | ) | |
| | ) | |

Petitioner Clemente Hernandez ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF Dkt. #1.  Petitioner is a prisoner in custody at Grafton Correctional Institution seeking relief from his convictions for trafficking in marijuana and possession of marijuana.  *Id.*  On May 3, 2007, the case was referred to the undersigned for a report and recommendation.  ECF Dkt. #s 10, 24.  For the following reasons, the undersigned recommends that the Court DISMISS Petitioner's federal habeas corpus with prejudice.

I.   **PROCEDURAL HISTORY**

A.   **State Trial Court**

On October 30, 2003, the Stark County Grand Jury issued an indictment against Petitioner alleging that he committed trafficking in marijuana in violation of Ohio Revised Code ("O.R.C.") § 2925.03(A)(2) and possession of marijuana in violation of O.R.C. § 2925.11(A) and (C)(3)(f).  ECF Dkt. #17-2, Exhibit 1.

---

[1]The undersigned notes that this case was originally filed in the United States District Court for the Southern District of Ohio and listed two petitioners, Mr. Hernandez, and Martin Bustillos-Gonzalez.  ECF Dkt. #1.  After the case was transferred to this Court, Respondent filed a response to a letter drafted by Mr. Bustillos-Gonzalez and requested that each Petitioner be assigned separate case numbers because although they were tried together, they were separated on appeal and thus had different procedural backgrounds which could require Respondent to assert different procedural defenses as to each.  ECF Dkt. #s 16, 18.  On April 1, 2008, this Court ordered that Mr. Bustillos-Gonzalez be removed from the instant case and assigned a separate case number.  ECF Dkt. #24.  Accordingly, the instant Report and Recommendation deals only with the case of Petitioner Hernandez

On December 16, 2003, Petitioner, through counsel, filed an amended motion to suppress all evidence against him based upon a lack of probable cause for his arrest and the search of his person and room. ECF Dkt. #17-2, Exhibit 2. The State of Ohio filed a response to the motion to suppress and on March 11, 2004, the Stark County Court of Common Pleas denied Petitioner's motion. ECF Dkt. #17-4, Exhibit 4.

On December 26, 2003 and February 4, 2003, Petitioner, through counsel, filed motions to dismiss the case against him as a result of prosecutorial misconduct. ECF Dkt. #17-4, Exhibits 5, 6. On March 22, 2004, the trial court denied the motions after holding a hearing. ECF Dkt. #17-4, Exhibit 7.

A jury trial was held and on April 20, 2004, the jury found Petitioner not guilty of trafficking in marijuana and guilty of marijuana possession. ECF Dkt. #17-4, Exhibit 8. The trial court sentenced Petitioner to 8 years of imprisonment and up to three years of post-release control, suspended his driver's license for five years, and imposed a mandatory fine of $7,500.00. *Id.* at 14.

**B.**   **Direct Appeal**

Petitioner, through new counsel, filed a timely appeal to the Fifth District Court of Appeals, asserting the following assignments of error:

> ASSIGNMENT OF ERROR NO. 1
>
> THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT MR. CLEMENTE CORRAL HERNANDEZ BY FAILING TO SUPPRESS ALL THE EVIDENCE AGAINST HIM
>
> ASSIGNMENT OF ERROR NO. 2
> THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT MR. CLEMENTE CORRAL HERNANDEZ WHEN IT ALLOWED THE PROSECUTION TO COMMENT ON THE[sic] MR. GONZALES' [sic] SILENCE IN VIOLATION OF HIS FIFTH AND FOURTEENTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION.
>
> ASSIGNMENT OF ERROR NO. 3
> THE APPELLANT MR CLEMENTE CORRAL HERNANDEZ WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
>
> ASSIGNMENT OF ERROR NO. 4
> THE TRIAL COURT ERRED AND THEREBY DEPRIVED THE APPELLANT MR. CLEMENTE CORRAL HERNANDEZ OF DUE PROCESS OF LAW AS

GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION TEN OF THE OHIO CONSTITUTION AS THE PROSECUTION FAILED TO OFFER SUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT MR. GONZALES[sic] WAS IN POSSESSION OF THE MARIJUANA.

ASSIGNMENT OF ERROR NO. 5
THE TRIAL COURT ERRED AND THEREBY DEPRIVED THE APPELLANT MR. CLEMENTE CORRAL HERNANDEZ OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION AS THE VERDICT FOR THE CHARGE OF POSSESSION OF MARIJUANA WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

ECF Dkt. #17-4, Exhibit 9. On May 9, 2005, the appellate court addressed Petitioner's assignments of error and affirmed the trial court's judgment. ECF Dkt. #17-5, Exhibit 11.

On November 1, 2005, Petitioner, pro se, filed a motion for delayed appeal in the Ohio Supreme Court. ECF Dkt. #17-6, Exhibit 12. Petitioner stated that he had not filed a timely appeal because he did not know until June 29, 2005 that the appellate court had decided his case. *Id.* at 2. Petitioner contends that he received notice through a letter from his lawyers with a copy of the opinion attached. *Id.* at 2. Petitioner further explained that he was an illegal alien of Mexican nationality whose native language was Spanish and he lacked an elementary understanding of the English language. *Id.* Petitioner attached a copy of the letter from his counsel, dated June 27, 2005, in which counsel indicated that he sent Petitioner the appellate decision one month prior but Petitioner apparently did not timely receive the decision. Petitioner also attached a copy of a letter dated July 1, 2005 in which the Ohio Public Defender declined his request for representation of his case to the Ohio Supreme Court.

On November 4, 2005, the State of Ohio filed a motion to dismiss Petitioner's motion for delayed appeal, asserting that he had failed to plead adequate reasons for his delay in filing and failed to attach a copy of the appellate court opinion from which he sought appeal. ECF Dkt. #17-6, Exhibit 13. The State questioned Petitioner's claim that he did not receive notice of the appellate decision until June 29, 2005, asserting that it would have been nearly impossible for a prisoner to receive mail notification of the appellate court decision on June 29, 2005 and then receive a letter declining his request for legal representation from the Ohio Public Defender's Office on July 1, 2005

which contained a thorough legal review and analysis of each of his claims.  *Id.*  Even if it was possible, the State asserted that Petitioner had not explained why he waited another 125 days after receiving the appellate decision on June 29, 2005 to file his motion for delayed appeal.  *Id*.

On December 14, 2005, the Supreme Court of Ohio denied Petitioner's motion for delayed appeal and denied the State's motion to dismiss as moot.  ECF Dkt. #17-6, Exhibit 14.

### C.  **Motion to Vacate Sentence**

On November 5, 2004, while his direct appeal was still pending, Petitioner filed a pro se motion to vacate his sentence.  ECF Dkt. #17-6, Exhibit 15.  Petitioner asserted that the trial court violated his constitutional rights by sentencing him beyond the statutory maximum.  *Id*.  The trial court did not rule on this motion.

### D.  **Federal Habeas Corpus Petition**

On November 27, 2006, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF Dkt. #2; *see Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999) citing *Houston v. Lack*, 487 U.S. 266, 270-74 (1988) (a *pro se* prisoner's petition is considered to be filed on the day he delivers it to prison authorities). Petitioner raises the following grounds for relief:

> **Ground one:**  TRIAL COURT IMPROPERLY APPLIED FEDERAL CASE LAW TO THE FACTS OF PETITIONERS' 4TH AMENDMENT CLAIMS, THEREBY DENYING DUE PROCESS OF LAW.
>
> **Ground two:**  PETITIONERS WERE DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE 6TH AMENDMENT OF THE UNITED STATES CONSTITUTION.
>
> **Ground three:**  THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PETITIONERS WHEN IT ALLOWED THE PROSECUTION TO COMMENT ON PETITIONERS' SILENCE IN VIOLATION OF THEIR FIFTH AND FOURTEENTH AMENDMENT RIGHTS AGAINST SELF INCRIMINATION.

ECF Dkt. #2.

On July 9, 2007, Respondent filed a return of writ.  ECF Dkt. #17.  On August 29, 2007, Petitioner filed a traverse.  ECF Dkt. #22.  On September 4, 2007, Respondent filed a reply to

Petitioner's traverse, addressing the issue of equitable tolling that was raised by Petitioner in his traverse.  ECF Dkt. #23.

## II.    **AEDPA STATUTE OF LIMITATIONS**

In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6TH Cir. 2003); *see* 28 U.S.C. § 2244(d)(2).  To determine if a state proceeding will toll the statute of limitations, the Sixth Circuit has held that:

> A state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review 'with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations.

*Austin v. Mitchell,* 200 F.3d 391, 395 (6TH Cir. 1999).  Further, the "tolling provision does not ...

'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The one-year statute of limitations under Section 2244 is subject to equitable tolling when a petitioner's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the petitioner's control.  *Dunlap v. United States,* 250 F.3d 1001, 1004 (6th Cir. 2001); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000).  The Sixth Circuit has stated that "federal courts sparingly bestow equitable tolling." *Graham-Humphreys*, 209 F.3d at 560-61; *Jurado*, 337 F.3d at 642.  When determining whether equitable tolling is appropriate, the court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap*, 250 F.3d at 1008; *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).  These factors are not comprehensive and not all of the factors are relevant in all cases.  *Cook*, 295 F.3d at 521.  Whether equitable tolling is appropriate is a case-by-case analysis.  *Id.*  The petitioner bears the ultimate burden of persuading the court that he is entitled to equitable tolling.  *Vroman,* 346 F.3d at 605.

## III.  ANALYSIS

### A.  Statute of Limitations

The undersigned recommends that the Court find that Petitioner has untimely filed his federal habeas corpus petition.  On May 9, 2005, the appellate court issued its decision affirming Petitioner's conviction.  ECF Dkt. #17-5, Exhibit 11.  Petitioner therefore had 45 days, or until June 23, 2005, to file a notice of appeal to the Supreme Court of Ohio.  *See* Ohio S. Ct. R. P. Rule II § 2A(1)(a).  Petitioner did not file a motion for delayed appeal to the Supreme Court of Ohio until November 1, 2005.  ECF Dkt. #17-6, Exhibit 12.  Accordingly, Petitioner's conviction became final

on June 23, 2005 and the AEDPA statute of limitations began running the next day, on June 24, 2005.  The statute of limitations continued to run for 130 days until Petitioner filed a motion for delayed appeal. *Id*.  A motion for delayed appeal is considered to be a motion for post-conviction relief. *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir.2001).  The filing of the motion for delayed appeal does not cause the AEDPA's statute of limitations to begin to run anew; it only tolls the statute for the time the motion is pending if it was properly filed. *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006) ; *Searcy*, 246 F.3d at 519.

Therefore, Respondent is correct in asserting that the period of 90 days for which Petitioner could have sought a writ of certiorari in the United States Supreme Court does not toll the statute of limitations in this case because a direct appeal had already concluded. *See Lawrence v. Florida*, 127 S.Ct. 1079, 1083, 166 L.Ed. 2d 924, 75 USLW 4095 (2007)(AEDPA statute of limitations period is not tolled during time in which applicant files or could file for writ of certiorari in United States Supreme Court for review of denial of state post-conviction relief.).

Accordingly, the AEDPA statute of limitations was only tolled until the Ohio Supreme Court denied the motion for delayed appeal on December 14, 2005.  Therefore, Petitioner's one-year statute of limitations again began running on December 15, 2005, the day after the Ohio Supreme Court denied the motion for delayed appeal.  The statute ran from December 15, 2005 through November 26, 2006, the day before Petitioner filed the instant federal habeas corpus petition, which constitutes *an additional* 346 days elapsing under the AEDPA statute of limitations, for a total of 476 days.

The sole remaining issue is whether Petitioner's pending November 5, 2004 motion to vacate his sentence had any effect on the AEDPA statute of limitations.  ECF Dkt. #17-6, Exhibit 15.  If this post-conviction relief petition was *properly filed* and pending, it would toll the statute of limitations until the trial court ruled on the motion, which would negate Respondent's statute of limitations argument in this case.

-7-

The undersigned recommends that the Court find that Petitioner's motion to vacate his sentence was not properly filed because it was untimely.  Ohio Revised Code § 2953.21(A) addresses petitions for post-conviction relief under Ohio law and section (A)(2) specifically states that petitions for post-conviction relief  "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication..." OHIO REV. CODE § 2953.21(A)(2). Here, Petitioner filed the trial transcript in the appellate court on April 29, 2004.  *See* Online Case Docket for Stark County Court of Common Pleas, Case No. 2003CR1385B.  Thus, he had to file his motion to vacate within 180 days of April 29, 2004, or no later than October 27, 2004 in order for the motion to be properly pending so as to toll the AEDPA statute of limitations.  Petitioner filed his motion to vacate in the trial court on November 5, 2004, beyond the 180 days.  Thus, the Court should find that Petitioner's motion to vacate his sentence does not additionally toll the AEDPA statute of limitations for filing his federal habeas corpus petition.

Accordingly, the Court should find that Petitioner's federal habeas corpus petition is time-barred.  In order to have filed his federal habeas corpus petition in a timely manner, Petitioner should have filed the petition by August 6, 2006.

**B.    Equitable Tolling**

Petitioner may still be able to have his case reviewed before this Court if he shows that he is entitled to equitable tolling of the AEDPA statute.  Petitioner asserts that his counsel failed to notify him of the appellate court's decision on his direct appeal and he therefore was unable to file a timely notice of appeal to the Supreme Court of Ohio.  ECF Dkt. #22 at 5.  Petitioner also asserts that Spanish is his native tongue, and his limited ability to understand and translate English must be considered in determining whether equitable tolling is warranted.  ECF Dkt. #22 at 6.

In order to determine whether to equitably toll the statute of limitations, the Court must consider the following five factors:

-8-

(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir.1988).

Petitioner does not claim that he lacked actual or constructive knowledge of the filing requirement for the instant petition.  Rather, he insists that he diligently pursued his rights at the state level, except when his counsel failed to notify him that the appellate court had decided his direct appeal which caused him to file a motion for delayed appeal before the Supreme Court of Ohio.  ECF Dkt. #22 at 4-6.

Even accepting Petitioner's assertion that his appellate counsel did not timely notify him that the state appellate court had rendered a decision on his direct appeal,[2] the Court should still find that his federal habeas corpus petition is time-barred.  Generally, "a lawyer's mistake is not a valid basis for equitable tolling."  *Whalen v. Randle*, 37 Fed. Appx. 113, 120 (6th Cir. 2002); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling.").  "Moreover, an attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling."  *Elliott v. Dewitt*, No. 00-3329, 2001 WL 523527, at *2 (6th Cir. May 8, 2001)(citations omitted).  In *Elliott*, the Sixth Circuit found that Elliott was not entitled to equitable tolling despite his argument that neither the court nor his attorney told him that the appellate court had affirmed his convictions so that he could file a timely appeal.  The Court found that Elliott did not diligently pursue his rights because he failed to monitor the status of his

---

[2] In the State's motion to dismiss Petitioner's motion for delayed appeal before the Ohio Supreme Court, Respondent questioned the accuracy of Petitioner's reporting of when he actually discovered that the appellate court had decided his case.  Respondent pointed to Petitioner's claim in his motion for delayed  appeal to the Supreme Court that he did not learn of the appellate court's decision until his counsel sent a letter to him which he received on June 29, 2005. ECF Dkt. #17-6, Exhibit 13.  However, Respondent noted that it would have been "nearly impossible" for a prisoner to receive the letter from his counsel on June 29, 2005, write a letter to the Ohio Public Defender's Office and have it mailed to that office on the same day and then receive a letter from the Ohio Public Defender's Officer dated two days later with a review and thorough analysis of the issues in Petitioner's case and why the public defender would not accept Petitioner's case for representation. *Id.*

appeal. *Id.*  In addition, the Sixth Circuit has explicitly held that a mere showing of diligence at the state level is insufficient to merit equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 404 (6th Cir. 2004) (delay of seven months between conclusion of state postconviction proceedings and filing of federal habeas petition demonstrated lack of diligence); *Fuller v. Thomas*, 110 Fed.Appx. 496, 499 (6th Cir. Aug. 24, 2004) ("As an initial matter, Fuller focuses on his diligence in pursuing Ohio state court relief, not federal habeas relief. His equitable tolling argument fails because he did not provide any reasons for tolling AEDPA.").  In sum, Petitioner has failed to establish that his attorney's error had any effect on his knowledge of the federal AEDPA statute of limitations.

Petitioner also asserts in his traverse that he is entitled to equitable tolling of the AEDPA statute of limitations because he is of Mexican descent with illegal immigration status and his native language is Spanish.  ECF Dkt. #22 at 6.  He asserts that he has a limited ability to communicate and the trial court had to appoint an interpreter.  *Id.*

The Court should reject this reason for finding that Petitioner is entitled to equitable tolling. In *Cobas v. Burgess*, 306 F.3d 441 (6th Cir. 2002), the Sixth Circuit Court of Appeals held that

> where a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations. An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims.

Here, Petitioner did not lack access to the courts due to his deficient proficiency in English.  He had a translator at the state court level, and accessed both the state courts and this Court.  In addition, he filed a pro se motion before the Ohio Supreme Court, and a pro se motion to vacate his sentence. He also filed the instant petition pro se and was able to request a copy of the trial transcript due to indigency.  ECF Dkt. #12; ECF Dkt. #17-6, Exhibit 14.

Since Petitioner was not denied access to the courts based upon his lack of proficiency in the English language, the Court should find that Petitioner is not entitled to equitable tolling.

Finally, when a petitioner has failed to show that factors exist in favor of equitable tolling, the Court need not consider prejudice to the respondent.  *Dunlap*, 250 F.3d at 1009.

-10-

**IV.**    **CONCLUSION**

> For the foregoing reasons, the undersigned recommends that the Court DISMISS the instant petition with prejudice.  ECF Dkt. #2.

Date: June 13, 2008                                   /s/George J. Limbert
                                                                GEORGE J. LIMBERT
                                                        UNITED STATES MAGISTRATE JUDGE


> ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).